Aja TERMINE, by and through her Guardian ad Litem Karen Termine; Karen Termine, an individual, Plaintiffs—Appellants,

v.

**WILLIAM S. HART UNION HIGH SCHOOL DISTRICT; Westmark School, Defendants—Appellees.**

No. 02–56638.

D.C. No. CV–02–01114–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Order Filed Jan. 9, 2004.

Amended to Memorandum Disposition March 12, 2004.

Marcy J.K. Tiffany, Steven M. Wyner, Wyner & Tiffany, Torrance, CA, for Plaintiffs–Appellants.

Barrett K. Green, Littler & Mendelson, Los Angeles, CA, Harold Gutenberg, Greenberg & Bass, Encino, CA, for Defendants–Appellees.

Before B. FLETCHER, FARRIS, and WARDLAW, Circuit Judges.

MEMORANDUM *

In this appeal appellants seek reversal of the district court's decision denying a "stay-put" order that would require the Hart School district to keep Aja Termine in Westmark, a private school where she was placed by the Glendale School district, the district in which she previously lived.

Before the district court issued its opinion regarding the stay-put placement, the SEHO[1] hearing officer for the Hart School District conducted a full due process hearing and issued his opinion. The SEHO officer took oral and documentary evidence. On July 3, 2002, he issued an opinion determining whether the Hart School District had provided Aja with a free and appropriate public education ("FAPE") between October 3, 2001 and July 3, 2002.

The isolated issue of whether Aja was entitled to have Westmark designated as her stay-put placement is closely related to the appropriateness of Hart's proposed interim placement and whether Hart provided Aja with FAPE. Under these circumstances, the stay-put issue should not be considered in isolation. The SEHO has developed a factual record, and its record presumably includes facts that will allow a determination as to whether it was "possible" for Hart to implement Aja's previous individualized educational placement "in full." *See Ms. S. ex rel G. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1134 (9th Cir.2003). That record is not before us, and it would be inappropriate for us to determine the stay-put placement issue in this case without it.[2]

---

1. The California Special Education Hearing Office ("SEHO") is an administrative body that adjudicates disputes regarding the proper placement of disabled students by public school districts.

2. Although we cannot expand the record on appeal, the IDEA allows the district court to "hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(B)(ii).

The parties have appealed the decision in the due process hearing to the district court. We direct that the district court vacate its opinion that is the subject of this appeal and reconsider its opinion in light of *Vashon Island Sch. Dist.*, the record in the appeal from the due process hearing and any additional evidence it may take at the request of the parties or either of them.

REMANDED with instruction.